**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Alvin I. Golden, Cornelia A. Golden,                    Case No. 11-CV-13227

              Plaintiffs,                    Honorable Denise Page Hood
                                                     United States District Judge
v.

U.S. Bank National Association, NA,

              Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.   BACKGROUND**

On June 20, 2011, Plaintiffs Alvin I. Golden and Cornelia A. Golden (collectively, the "Goldens"), proceeding *pro se,* filed a "Complaint for (1) Mistaken and Erroneous Representation; (2) For Predatory Lending Practices Related to MERS System" against Defendant U.S. Bank, NA ("U.S. Bank"). U.S. Bank removed the matter to this Court on July 25, 2011. This matter is before the Court on U.S. Bank's Motion for Summary Judgment. Responses and replies have been filed. The Goldens also filed various revised and amended Motions to Strike Objections and to Compel Answers to Discovery. Responses have been filed to those Motions by U.S. Bank.

The Goldens entered into a Note in the amount of $114,950.00 related to the real estate property located at 20604 Hollywood St., Harper Woods, Michigan ("Hollywood" property) on January 25, 2005 with Michigan Fidelity Acceptance Corporation d/b/a Franklin Mortgage Funding. (U.S. Bank Motion, Ex. 1) The Mortgage was also entered into by the Goldens in favor of Mortgage Electronic Registration, Systems, Inc. ("MERS"), acting as nominee for the lender and the lender's successors and assigns. (U.S. Bank Motion, Ex. 2) The Mortgage and Note were assigned to U.S.

Bank on June 15, 2005. (U.S. Bank Motion, Ex. 3)

The Goldens entered into a loan modification agreement with U.S. Bank in December 2007 and the loan term was extended to December 2, 2037. (U.S. Bank Motion, Ex. 5) The Goldens failed to make timely payments throughout 2009. U.S. Bank received a payment in November 20, 2009, which brought the loan current through August 2009. (U.S. Bank, Motion, Ex. 4) Foreclosure proceedings began in March 2010. (U.S. Bank Motion, Exs. 6, 7) The Foreclosure Notice regarding the Mortgage Sale was sent on July 2, 2010, the public auction sale scheduled for August 4, 2010. (U.S. Bank Motion, Ex. 8) The Hollywood property was sold on August 4, 2010 to U.S. Bank for $42,000.00 and a Sheriff's Deed was issued on that date to U.S. Bank. (U.S. Bank Motion, Ex. 11) The redemption period expired on February 4, 2011.

On March 30, 2011, U.S. Bank filed an eviction action and for possession of the Hollywood property against the Goldens before the 32A District Court, State of Michigan. (U.S. Bank Motion, Ex. 12) The Goldens filed a Notice challenging the jurisdiction of the 32A District Court and contesting the matter. After a hearing, the 32A District Court entered a Judgment of Possession in favor of U.S. Bank. (U.S. Bank Motion, Ex. 14) The 32A District Court denied the Goldens' motion for rehearing and reconsideration on May 19, 2011. (U.S. Bank Motion, Ex. 17) The Order of Eviction was entered on June 13, 2011 by the 32A District Court. (U.S. Bank Motion, Ex. 18) The Goldens filed the instant suit before the Wayne County Circuit Court on June 20, 2011.

**II.     ANALYSIS**

    **A.     Summary Judgment Standard of Review**

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.  Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.  *Anderson*, 477 U.S. at 248.

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).  A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

U.S. Bank raises several arguments to support its Motion for Summary Judgment:  1) The *Rooker-Feldman* doctrine bars the claims; 2) The doctrine of *res judicata* bars the claims; 3) The failure to demonstrate a "clear showing" of fraud or irregularity to set aside the foreclosure sale; 4)

There is no requirement that assignments to and from MERS invalidates a foreclosure by advertisement; 5) Lack of Standing; 6) There is no requirement under Michigan law for the presentation of the "original" promissory note in order to foreclose by advertisement; 7) The foreclosing entity does not have to be the "holder in due course"; 8) Michigan law does not recognize a "predatory lending" claim; and, 9) Failure to state with particularity the misrepresentation claim.

### B. *Rooker-Feldman* Doctrine

U.S. Bank argues that the Court lacks the authority to review the 32A District Court's Orders based on the *Rooker-Feldman* doctrine. The Goldens claim that the *Rooker-Feldman* doctrine does not apply because the action was filed in the State Court and later removed by U.S. Bank.

The *Rooker-Feldman* doctrine prohibits federal courts below the United States Supreme Court, as set forth in 28 U.S.C. § 1257, from exercising appellate jurisdiction involving two categories of claims: those involving injuries arising directly from decisions [or] proceedings of state courts, and claims that are inextricably intertwined with issues decided in state court proceedings. *Executive Arts Studio, Inc. v. City of Grand Rapids,* 391 F.3d 783, 793 (6th Cir. 2004); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The Supreme Court explained that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 284 (2005). Based on *Exxon*, three elements must be met before the Rooker-Feldman doctrine can be applied: 1) the party who lost in the state court proceeding must have filed the lawsuit in federal

4

court; 2) the state court judgment was rendered before the federal lawsuit was filed; and 3) the issue in the federal lawsuit was caused by the state court judgment. *See Muhammad v. Paruk,* 553 F. Supp. 2d 893, 897 (E.D. Mich. 2008).

In this case, as the Goldens argue, they did not bring the instant lawsuit before this Court, but that U.S. Bank removed the matter to this Court. As noted by the Supreme Court in *Exxon*, in order for the *Rooker-Feldman* doctrine to be applied, the plaintiffs must have filed the action before the federal district court "inviting district court review" of the State Court order or judgment. *Exxon,* 544 U.S. at 284; *Coles v. Granville,* 448 F.3d 853, 857-58 (6th Cir. 2006). Based on the Supreme Court and Sixth Circuit decisions, the *Rooker-Feldman* doctrine is not applicable to this case and summary judgment is denied based on this argument. It is noted that even if the *Rooker-Feldman* doctrine was applicable to a removed case, the Court would be without jurisdiction as to this action, as argued by U.S. Bank, and the remedy is to remand to the State Court, which would place the action back to the State Court, a result which probably was not intended by U.S. Bank.

  **C.**  *Res Judicata*

U.S. Bank argues that the doctrine of *res judicata* applies in this case, given that the 32A District Court has rendered its judgment of possession and order evicting the Goldens from the property. The Goldens argue that they did not discover the claims in their current Complaint until May 2011 and that the predatory lending claim was not raised in the action before the 32A District Court. (Resp., p. 2)

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that federal courts give the same preclusive effect to a state court judgment that a court of the state in which the judgment was rendered would accord the judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S.

5

75, 77 n. 1 (1984); *Heyliger v. State Univ. and Community College Sys. Of Tenn.,* 126 F.3d 849, 851 (6th Cir. 1997). A federal court looks to the law of the state where the judgment was issued to determine the extent of the preclusive effect of the prior state court judgment. *Heyliger,* 126 F.3d at 851-52. The Sixth Circuit has noted "the perennial confusion over the vocabulary and concepts of the law of preclusion." *Id.* at 852. The Supreme Court has instructed that:

> The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "res judicata." Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra.,* 465 U.S. at 77 n. 1. Michigan law requires a court to apply claim preclusion if: 1) there was a prior and final decision on the merits; 2) the parties in both lawsuits are the same; and 3) the matter in the second case was, or could have been, resolved in the first lawsuit. *Reid v. Thetford Twp.,* 377 F. Supp. 2d 621, 624-25 (E.D. Mich. 2005); *Adair v. State,* 470 Mich. 105, 121, 680 N.W.2d 386 (Mich.2004). Once the three elements are met, claim preclusion can operate in two ways. It will bar "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Sewell v. Clean Cut Mgmt., Inc.,* 463 Mich. 569, 575 (2001).

As recognized by the Goldens, there has been a prior and final decision on the merits before the 32A District Court–that a judgment of possession and eviction order was entered by the 32A

6

District Court. The parties in this case and in the 32A District Court are the same–the Goldens and U.S. Bank. The claims before this Court–that there was a mistaken and erroneous representation regarding the note and mortgage and predatory lending practices related to MERS–were resolved by the 32A District Court. The Goldens submitted papers before the 32A District Court that U.S. Bank was without standing and jurisdiction, that the documents submitted by U.S. Bank before the 32A District Court were not the originals. (Ex. 13, U.S. Bank's Motion)  In their Motion for Reconsideration, the Goldens further argued that the foreclosure by advertisement statute was not followed. (Ex. 15, U.S. Bank's Motion)  Although the specific argument regarding the predatory lending claim was not raised by the Goldens before the 32A District Court, such a claim could have been raised, given that the original loan was entered into in 2005 and the loan modification in 2007. The matter before the 32A District Court was filed in March 2011 and the Goldens did in fact file documents and raised other arguments before the 32A District Court.

Even if the Goldens did not learn of the predatory lending claim until after the judgment was entered by the 32A District Court, predatory lending is not a viable cause of action under Michigan law. *See, Yaldu v. Bank of America Corp.,* 700 F.Supp.2d 832, 847 (E.D. Mich. 2010); *Beydoun v. Countrywide Home Loans, Inc.,* 2009 WL 1803198 *4 (E.D. Mich. June 23, 2009). The Goldens' predatory lending claim would have been dismissed even if the *res judicata* was not applicable. The Goldens' claims before this Court are barred by *res judicata*. Because *res judicata* applies, the Court has no authority to address the Golden's Complaint. The Complaint must be dismissed.

    **D.**    **Remaining Arguments**

As noted above, the Court has no authority to address the Complaint under the *res judicata* doctrine. However, the Court addresses some of the arguments raised by the Goldens, specifically

the argument that the Foreclosure by Advertisement statute was not followed based on the *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 1516819 (April 21, 2011) case, because the Goldens lack standing to raise any further claims regarding the foreclosure proceedings.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished). Here, the redemption period expired. The Goldens have no standing to raise any claims regarding the mortgage and note at issue. The *Saurman* case raised by the Goldens is not applicable. In the *Saurman* case, the issue of whether MERS had the authority to foreclose by advertisement under M.C.L. § 600.3204(1)(d). The

Michigan Court of Appeals held that MERS, who foreclosed by advertisement, was not permitted to do so because it did not have legal or equitable ownership rights in the debt secured by the mortgage in that case. *Saurman,* 2011 WL 1516819 *at 5.* The Michigan Supreme Court recently reversed the Michigan Court of Appeals' decision finding that the appellate court "erroneously construed" M.C.L. § 600.3204(1)(d). *Residential Funding Co., L.L.C. v. Saurman,* 2011 WL 5588929, *1 (Mich. Nov. 16, 2011). The Michigan Supreme Court clarified MERS' status under M.C.L. 600.3204(1)(d), holding that MERS' "interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d)." *Id.*

Given that the redemption period has expired in this case, the Goldens' challenge to the foreclosure proceedings must be dismissed for lack of standing.

### E. Goldens' Discovery Motions

The Goldens filed three discovery motions, the second and third being "revised" and "amended" motions. U.S. Bank responds that given their argument in their summary judgment motion, the discovery motions need not be addressed if the case is dismissed. Alternatively, U.S. Bank argues that they responded to the First and Second Requests for Production of Documents, but never initially received the "Third Request for Production of Documents" allegedly served by the Goldens and is the subject of the Goldens' discovery motions. U.S. Bank asserts that it has subsequently responded to the Third Request for Production of Documents after the Goldens' second "revised" motion to compel and that the motions are now moot because they have now provided the response to the Third Request for Production of Documents. U.S. Bank requests attorney fees incurred in responding to these discovery motions under Fed. R. Civ. P. 37(a)(5)(B).

Given that the Court is granting summary judgment in favor of U.S. Bank, the discovery motions filed by the Goldens are moot. In addition, it appears that U.S. Bank has now responded to the Third Request for Production of Documents at issue. The Court denies U.S. Bank's request for fees incurred in responding to the discovery motions.

It is noted that the Goldens, in their discovery motions, seek recusal of the Court from reviewing the motions "when to do so may place it in conflict with its own interests." (Discovery motions, last paragraph in each motion) The Court has no such conflicts and the Goldens have not identified such conflicts, other than the Goldens noting that the Court is a member of the legal profession, as are all the judges in this District.

For the reasons stated above,

IT IS HEREBY ORDERED that U.S. Bank's Motion for Summary Judgment (Docket No. 11, filed 8/26/11) is GRANTED:

IT IS FURTHER ORDERED that Plaintiff's Revised/Amended Motion to Strike Objections and to Compel Answers (Docket Nos. 18, 19, 22, filed 10/13/11; 10/14/11; and 11/01/11, respectively) are deemed MOOT.

IT IS FURTHER ORDERED that this case is DISMISSED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: January 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager