UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN I. GOLDEN and CORNELIA
GOLDEN,

        Case No. 11-13227

    Plaintiffs,

        Honorable Denise Page Hood

v.

U.S. BANK NATIONAL ASSOCIATION ND,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE JUDGMENT

This matter is before the Court Plaintiffs' motion entitled, "Formal Motion to Vacate Judgment and Formal Motion for Summary Judgment or Permission to Amend Complaint" filed March 7, 2012. Defendant filed a response and Plaintiffs filed a reply. On January 31, 2012, the Court entered a Judgment against Plaintiffs and an Order granting Defendant's Motion for Summary Judgment and dismissing the action filed by Plaintiffs.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b). Fed. R. Civ. P. 6(b)(2). The Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR

7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise.  E.D. Mich. LR 7.1(h)(2).  The Local Rule further states:

> (3) **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiffs filed their motion, considered by the Court as a motion under Rule 59(e), beyond the 28-days filing deadline under Rule 59.  The Court does not have any authority to consider Plaintiffs' untimely motion under Rule 59(e).  Fed. R. Civ. P. 6(b)(2).

Plaintiffs cite Rule 60 in their motion.  Rule 60(b) of the Federal Rules of Civil Procedures provides that, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated, or applying it prospectively  is no longer equitable; or

(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).

Plaintiffs do not cite the Rule 60(b) provision that supports their motion, although sections 1, 4 or 6 are in bold.  A district court is justified in denying Rule 60(b) relief when the motion is only supported by vague, conclusory allegations. *See, e.g., United States v. Reyes,* 307 F.3d 451, 456-57 (6th Cir. 2002).  This Court's review of Rule 60(b) and Plaintiffs' motion shows that subsections (2), (3), and (5) are inapplicable.  Subsection 4 is not applicable because there has been no order voiding the judgment.  As to subsection 1, it appears Plaintiffs are arguing that the Court's ruling was based on a "mistake" that Plaintiffs were able to present the issues relating to the misrepresentation regarding the note and mortgage and predatory lending practices relating to MERS.  As noted by the Court in its opinion, Plaintiffs argued before the 32A District Court that U.S. Bank was without standing and jurisdiction and that the documents submitted by U.S. Bank were not originals.  (1/31/12 Order, p. 7, Pg ID 411)  Although Plaintiffs did not specifically raise the predatory lending claims before the 32A District Court, this Court found that such an argument could have been raised before the 32A District Court, but was not.  Plaintiffs could have also raised the misrepresentation allegations before the 32A District Court, but failed to do so.  Plaintiffs alleged in their motion that they discovered the misrepresentation "on or about May 2011." (Motion, p. 4, Pg ID 419)  The final Order of Eviction was entered on June 13, 2011 by the 32A district Court.  Plaintiffs filed a motion for rehearing and reconsideration before the 32A District Court on May 19, 2011, which indicates that Plaintiffs had the knowledge to present issues before the 32A District Court and opportunity to raise the misrepresentation and predatory lending issues

3

before the 32A District Court. Plaintiffs are not entitled to relief under the mistake provision in Rule 60(b)(1).

Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.* Plaintiffs have shown any extraordinary circumstances to grant relief under Rule 60(b)(6). The Court finds that the instant motion presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiffs have failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Plaintiffs' alternative request for summary judgment and to amend the complaint is denied.

Accordingly,

IT IS ORDERED that Plaintiff's motion entitled, "Formal Motion to Vacate Judgment and Formal Motion for Summary Judgment or Permission to Amend Complaint" **(Doc. No. 26 , filed March 7, 2012)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager